ALBERT TANKERSLEY V. THE STATE.

No. 10516.   Delivered November 3, 1926.

**Misapplication of Public Funds—Indictment—Held, Sufficient.**

An indictment under Art. 95, P. C. of 1925, which charges that the accused was an officer of some named city, or an employe of such officer, that money or property of value, belonging to said city had come into possession of, and was in the custody of such officer or employe by virtue of his office or employment, which said money or property was thereafter fraudulently taken, misapplied and converted to the use of such officer or employe, sufficiently charges this offense.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for misappropriation of public funds, penalty two years in the penitentiary.

The opinion states the case.

*McLean, Scott & Sayers* of Fort Worth, for appellant. On insufficiency of indictment, appellant cites:
Gray v. State, 7 Tex. Crim. App. 11.
Gaddy v. State, 8 Tex. Crim. App. 128.
Archer v. State, 10 Tex. Crim. App. 482.
Lamar v. State, 18 S. W. 788.
McQuerry v. State, 51 S. W. 247.
West v. State, 51 S. W. 247.
Ellis v. State, 145 S. W. 339.
Branch's Tex. Digest, Art. 899.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of misapplication of funds

belonging to the city of Fort Worth, and his punishment fixed at two years in the penitentiary.

Appellant filed a motion to quash the indictment generally upon the ground that same charged no offense against the laws of this state, was vague, indefinite and uncertain, and particularly for the reason that neither count of said indictment contained specific averments in substance or effect that appellant was in or of the class of persons whose acts are made penal by the statute.

The prosecution herein was under Art. 95, 1925 P. C., which is as follows:

"If any officer of any county, city or town, or any person employed by such officer, shall fraudulently take, misapply, or convert to his own use any money, property or other thing of value, belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less than two nor more than ten years."

The indictment in its charging part is as follows:

"Was then and there the assessor and collector of taxes in and for the City of Fort Worth, Tarrant County, Texas, said city being then and there an incorporated city under the laws of the State of Texas, and the said Albert Tankersley did then and there fraudulently take, misapply and convert to his own use $1,284 in money of the value of $1,284 belonging to said city, and which said money had theretofore come into and then and there was in custody and possession of the said Albert Tankersley by virtue of his said office.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to the Criminal District Court of Tarrant County, Texas, that heretofore, on the 25th day of March, 1923, in the county and state aforesaid, one Albert Tankersley, hereinafter styled defendant, was then and there the assessor and collector of taxes in and for the City of Fort Worth, Tarrant County, Texas, said city being then and there an incorporated city under the laws of the State of Texas, and the said Albert Tankersley did then and there fraudulently take, misapply and convert to his own use one check of the tenor as follows, to-wit: Mitchell-Greer Company, diamonds and jewelry, No. 10705.    Fort Worth, Texas, 3-26-1923.    Pay to the order

of Albert Tankersley, Coltr. $1284.00.    Twelve Hundred Eighty Four Dollars.    Mitchell-Greer Company, by J. G. Greer.    To Farmers & Mechanics National Bank, Fort Worth, Texas.

"Which said check was then and there of the value of $1,284 and which said check then and there belonged to and was the property of said city, and which said check had theretofore come into and was then and there in the custody and possession of the said defendant by virtue of his said office."

The elements necessary under the statute to be alleged in the indictment in a case such as the one before us, are that the accused was an officer of some named city, or else an employe of such officer, that money or property of description and value such as would suffice in an ordinary case of theft or embezzlement, belonging to said city had come into possession of and was in the custody of such officer or employe by virtue of his office or employment; which said money or property was thereafter fraudulently taken, misapplied and converted to the use of such officer or employe.    Analysis of the indictment before us in this case satisfies our minds that it contains each and all of the allegations necessary.    We are not in accord with appellant's contention that the authorities cited in his brief hold to the contrary.

This is the only contention made upon the trial, and upon the overruling of his motion to quash the indictment appellant appears to have entered a plea of guilty.

Having disposed of the matters contained in the motion to quash, and there being no other issue raised, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*