### W. M. BURGESS v. THE STATE.

No. 10342.   Delivered April 20, 1927.

Rehearing denied November 2, 1927.

1.—Converting County Funds—Requested Charges—Covered by Main Charge—Properly Refused.

Where the court's main charge correctly and in a fair manner presented all of the law applicable to the facts, there was no error in refusing to give the several requested charges presented by the appellant.

2.—Same—Charge of Court—On Defensive Theory—Correctly Presented.

Where, on a trial for converting county funds, appellant's defense of erroneous entries in his books as tax assessor, and his defense of mistakes

in payment of county funds having been amply and ably presented affirmatively, in the court's main charge, appellant's exceptions to said charges cannot be concurred in. .

### 3.—Same—Charge of Court—On Circumstantial Evidence—Not Called For.

Where the state had made out a prima facie case against appellant by direct and positive evidence, there was no error in failing to charge on circumstantial evidence.

### 4.—Same—Charge of Court—On Reasonable Doubt—Rule Stated.

Where, on a trial for converting county funds by a county tax collector, the court failed to apply the law of reasonable doubt to each phase and theory of the defense but did apply the law of reasonable doubt to the entire case, this was sufficient, under the facts herein.

### 5.—Same—Indictment—Motion to Quash—Properly Denied.

The tenth count in the indictment herein charging appellant with the conversion of county funds while tax collector of Collin County, follows the form prescribed by Judge White in his Penal Code 1911 revision, Art. 103, and also follows the form approved by this court in Ferrell v. State, 152 S. W. 901, and in Ferguson v. State, 189 S. W. 271, and appellant's motion to quash because said indictment was duplication, was properly denied. See Arts. 95 and 504 P. C. Also see Hooper v. State, 279 S. W. 449, and Green v. State, 147 S. W. 593, and other cases cited.

#### ON REHEARING.

### 6.—Same—Evidence—Qualification of Bill—No Error Shown.

Where, on a trial for converting county funds, appellant complains that he was not permitted to prove by secondary evidence that certain payments had been received by him, for taxes, by checks, which were dishonored, to account for a part of his shortage, and his bill complaining of the rejection of this proof was qualified by the court to the effect that such checks were the best evidence, and that the proof of their loss was not sufficient. The bill as qualified presents no error.

### 7.—Same—Charge of Court—On Circumstantial Evidence—In Theft Cases —Rule Stated.

Where, on the trial of theft cases, when the taking of the property from the owner is shown by direct evidence, a charge on circumstantial evidence is not necessary, because of the fact that the fraudulent intent is shown by circumstances. See Rundell v. State, 235 S. W. 908.

### 8.—Same—Argument of Counsel—Not Improper.

Where the Assistant County Attorney in his argument commented on the testimony of a state witness, and when his comments were objected to by appellant, remarked "I don't blame him for objecting," and the court promptly instructed the jury to disregard the incident, no reversible error is presented.

Appeal from the District Court of Collin County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for converting county funds, penalty two years in the penitentiary.

The opinion states the case.

*Merritt & Leddy,* and *Smith & Abernathy* of McKinney, for appellant.

*J. E. Abernathy,* County Attorney, *W. C. Dowdy,* Assistant County Attorney of Collin County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of unlawfully. and fraudulently taking, misapplying, and converting to his own use money belonging to Collin County, and his punishment assessed at confinement in the penitentiary for two years.

Appellant was Tax Collector of Collin County from December 1, 1920 to December 31, 1924, inclusive. The indictment contained numerous counts, but only the tenth count was submitted. It was proved by the state that after an audit of appellant's books it was found that appellant was due the general ad valorem fund of said county the sum of $26,322.98 for collections during the month of December, 1924. It was also shown by the treasurer of the county that the appellant made one payment on the funds due said fund for collection of taxes in December, 1924, and the amount he paid was $20,391.20; that the appellant had never paid any other amount of money on said fund. This showed a shortage of appellant in his account for said month of December in the sum of $5,931.78. The state further proved that the appellant, on numerous occasions, took money out of the drawer and put the same in his pocket without leaving any memorandum showing the amount taken. Tom C. Dowell, a witness for the appellant, who was his chief deputy during the entire time appellant was tax collector, testified that in the summer of 1923 a shortage of several thousand dollars was discovered and that the appellant knew of this shortage. The state also introduced the witness O. T. Lyles, an expert accountant and auditor, who testified that he had made an audit of the appellant's books and found that the appellant was short and due Collin County the sum of $7,040.36, not including partial payments. The state also proved a shortage of $979.82 on partial payments on taxes. The amount alleged in the indictment was the same as the amount of shortage for the month of December, 1924.

The appellant testified in his own behalf and denied in toto that he had fraudulently taken or misapplied any moneys belonging to the county and offered proof tending to show that he had

paid over to the county all that it was justly and rightly entitled
to, and undertook to satisfactorily account for the alleged short-
age by offering proof that there were errors in the keeping of
the books and in the tax rolls of the county. He offered proof
that two of the deputy tax collectors working in his office had
misapplied or converted to their own use a sum equal to the
total of the alleged shortage. There was also proof that the
appellant accepted checks of tax payers in payment of taxes and
reported such taxes as collected and said checks were afterwards
turned down or dishonored and the appellant was not reim-
bursed therefor. Appellant also defended on the ground that if
he took, misapplied, or converted the amount of such shortage
to his own use the same was so taken, misapplied, or converted
under the mistaken belief that he was not taking more money
than he was legally entitled to as fees of the office earned by him
during his four years tenure in office. Appellant also contends
that if there was a shortage same was brought about in whole
or in part by an overpayment made by him in the school funds
by mistake and without fraudulent intent, contending that such
overpayment to the school funds has not been adjusted or col-
lected.

There is brought forward in the record for our review nine-
teen bills of exception and fifteen special charges requested by
the appellant, five of which were given by the court.

The first ten bills of exception complain of the action of the
trial court in refusing to give appellant's requested instructions
to the jury. We have carefully read the court's main charge
and the five special charges requested by the appellant and given
by the court, and, in our opinion, the charge amply, practically,
and in a fair manner, presented all the law applicable to the
facts, and the court did not err in refusing appellant's spe-
cially requested instructions complained of in said ten bills of
exceptions.

Bill of exception No. 11 complains of the action of the learned
trial judge in overruling appellant's objections to the court's
main charge, and, in said bill, sets out in full said objections.

Appellant's first objection to the court's charge is that the
court did not charge upon the affirmative defense of appellant,
to-wit, that the apparent shortage occurred by reason of the
accumulation of errors in charging the appellant with sums for
which he was not liable and in failing to credit the appellant
with credits to which he was entitled. An examination of the
court's charge discloses that this phase of the case was amply
and ably submitted to the jury for their consideration, as well

as appellant's defense of mistake, as shown by the evidence, and complained of in his second objection to the court's main charge.

Appellant, in his third objection to the charge, complains of the court's failure to charge on circumstantial evidence. The state made out a prima facie case against the appellant by direct and positive evidence. Where this is done, it is not necessary for the court to charge on circumstantial evidence.

The second paragraph of the court's main charge discloses that the court corrected his main charge, thereby curing the objection pointed out in appellant's fourth and fifth objections.

An examination of the seventh paragraph of the court's main charge discloses that same was corrected so as to cure the objection complained of in appellant's sixth and seventh objections.

Appellant complains in his objection to paragraph five of the court's main charge that the court should have instructed the jury on the question of reasonable doubt, but reference to paragraph five of the court's main charge shows that this objection was cured.

Appellant contends that it was error for the court to omit the reasonable doubt charge from the sixth and seventh paragraphs of the court's main charge and filed his exceptions pointing out said omission. After these exceptions were presented, the court changed paragraphs 5 and 7 and added paragraph 8, as shown by his qualification to said bill of exception No. 11, thereby modifying his charge to meet said objections. Paragraphs four, five and eight of the court's main charge, and appellant's requested special charge No. 7 given by the court, all embrace the law of reasonable doubt, and, in addition to this, paragraph nine of the court's main charge applies the law of reasonable doubt to the entire case, and this is sufficient under the facts. Regittano v. State, 257 S. W. 906.

The other matters shown by bills of exception in the record are not considered of sufficient importance to require discussion at our hands.

Appellant complains that the court erred in refusing to quash the indictment on the ground that said indictment was duplicitous. Appellant's motion to quash applied specifically to each count in the indictment. The tenth count in the indictment— the one upon which appellant was convicted—follows the form prescribed by Judge White in his penal code, 1911 revision, Art. 103. It also follows the form approved by the court in Ferrell v. State, 152 S. W. 901. In the case of Ferguson v. State, 189 S. W. 271, at page 274, relied upon by the appellant in support

of his contention that the indictment is duplicitous, the court seems to uphold the rule laid down in the Ferrell case, supra. In the Ferguson case, supra, the appellant was indicted for an offense denounced by Art. 544 of the Penal Code for embezzling or misapplying funds of a state bank. The court held this Art. 544 denounced three separate offenses of embezzlement. We find in the Ferguson case, the court upheld the Ferrell case in the following language:

"The case of Green v. State, 66 Tex. Crim. Rep. 452, 147 S. W. 593, and Ferrell v. State, 68 Tex. Crim. Rep. 487, 152 S. W. 901, particularly relied upon by the state, as well as other cases cited, we think, have no application to this case. In all those cases we were discussing an indictment under a statute which did not make two or more separate and distinct offenses, but the two or more methods of committing one offense, and all these cases, properly considered, clearly makes that distinction."

It will be seen that the court in the Ferguson case recognized a distinction between Art. 95 and Art. 544, Penal Code. Art. 95, the statute under which appellant was convicted, is similar to the general statute under embezzlement—Art. 1534. This court has many times held that indictments using the terms "fraudulently embezzle, misapply, and convert to his own use" are good.

We, therefore, conclude that the indictment in the instant case is not subject to the objection that it is duplicitous and that the court did not err in overruling the appellant's motion to quash. Penal Code 95; Hooper v. State, 279 S. W. 449; Ferguson v. State, 189 S. W. 271; Ferrell v. State, 152 S. W. 901; Green v. State, 147 S. W. 593; White's Penal Code, Art. 103, Revision of 1911; Tankersley v. State, 288 S. W. 222.

A careful review of the record has failed to disclose any valid or sufficient reason why the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—As one of his grounds for a rehearing, appellant earnestly insists that his bill of exception No. 14 clearly manifests error. Appellant states the question presented by the bill in the following language: "Now the question pre-

sented in this bill is: That the state offered those tax reports showing the receipt of the money as an admission on the part of the defendant, which was proper and right, but when defendant replied that those reports you offer were made up from stubs placed on file at the time the tax payer gave me a check for his taxes, and at the time I gave him a receipt, and that instead of being paid, the check was afterwards turned down and I had to take it up as a dishonored check, therefore the report you offer as an admission really does not prove that I received the entire amount of money shown therein."

Appellant's bill discloses that the state introduced in evidence his (appellant's) tax reports as an admission on the part of appellant that he had collected the amount of money shown by said reports. Appellant offered to prove by one of his witnesses that $1,620.00 shown by the reports to have been collected by him had been paid by checks which had afterwards been dishonored, and that he (appellant) had given his checks to take up said dishonored checks. Appellant's witness offered to take the reports introduced in evidence by the state and point out the names of the taxpayers who had paid their taxes by giving checks which had afterwards been dishonored. The witness offered to show by the checks given by appellant to take up the dishonored checks that the tax reports did not establish that he had received the entire amount of money shown therein. The state objected to the testimony on the ground, among other grounds, that the dishonored checks were the best evidence of the fact sought to be proven by appellant. To meet the objection of the state, appellant stated to the trial court that he expected to prove by the witness that he had searched appellant's records and had been unable to find that the money paid by appellant in taking up said dishonored checks had ever been been repaid. The bill shows that when appellant received checks in payment of taxes which were later dishonored, the bank with which he kept his accounts charged him with the checks and that he then executed checks against his account to take up the dishonored checks and that said dishonored checks were returned by the bank to appellant. In qualifying appellant's bill, among other things, the court states that the witness offered by appellant did not qualify as an expert and that appellant did not testify, as shown in the bill, that the dishonored checks had been thrown around his office and lost and that he had made a search for them but had only been able to find a few of said checks. Appellant did not object to the qualifications, and we are bound

to consider the bill in the light of the court's qualification. There are no other recitals in the bill showing that the dishonored checks had been lost or destroyed, and no predicate is shown to have been laid for the introduction of secondary evidence. Moreover, it is shown by the bill of exception that appellant according to the report made by him in December, 1924, was due the county $5,931.78 above the amount he actually paid in to the treasurer and that he did not have on hand a sufficient amount of money to pay said sum. The indictment was predicated on the embezzlement by appellant of $5,931.78 of money belonging to Collin County. We are of the opinion that appellant's bill of exception, as qualified, manifests no error.

Appellant takes the position that we were in error in holding that the state made out a prima facie case against him by direct and positive evidence. Briefly, the record discloses that the tax money collected by appellant would be placed in the cash drawer and later removed to the safe when the office was closed; that on various occasions appellant took money from the cash drawer and safe and put it in his pocket without leaving a memorandum of the amount taken; that he took this money from the same place that the tax money had been deposited; that appellant's report for the month of December, 1924, showed that he had collected $26,322.98 due the county ad valorem fund and that he only paid to the county treasurer to the credit of said fund $20,391.20; that in the summer of 1923 a shortage of several thousand dollars in appellant's accounts was discovered by appellant's deputies, and that appellant knew of this shortage; that on a few occasions appellant had his deputy hold up the filing of tax collection reports.

This court has held in theft cases that when the direct evidence showed the taking of the property from the owner, a charge on circumstantial evidence is not necessary because of the fact that the fraudulent intent is sought to be shown by circumstances. See Rundell v. State, 235 S. W. 908, and authorities cited. The same rule applies in embezzlement cases—that is, that the fact that the fraudulent intent is sought to be shown by circumstances does not require a charge on circumstantial evidence when it is shown by direct evidence that the accused appropriated his principal's money to his own use and benefit. The record disclosing that the evidence is direct that appellant appropriated some of the county's money to his own use and benefit, the state's case did not rest wholly on circumstantial evidence. We must, therefore, adhere to our former

conclusion that a charge on circumstantial evidence was not necessary.

We cannot add anything to what we said in our original opinion concerning the sufficiency of the indictment, and must adhere to our conclusion that the indictment is not subject to the objection that it is duplicitous. Tankersley v. State, 288 S. W. 221.

We are of the opinion that the jury were warranted under the facts in concluding that appellant fraudulently took, misapplied and converted to his own use money belonging to Collin County. It follows that we must overrule appellant's contention that the evidence is insufficient to sustain the verdict of the jury and the judgment rendered thereon.

Appellant insists that bill of exception No. 19 manifests prejudicial error. It is shown by the bill that the Assistant County Attorney in his opening argument made a statement to the jury as follows: "That one day Miss McCollum says he came in and got a handful of money, stuck it in his pocket and walked out, and they became suspicious." Appellant objected to this statement on the ground that it was not supported by the evidence. Whereupon the court instructed the County Attorney to confine his remarks to the record, and the County Attorney stated, "I don't blame him for objecting." Appellant took exception to this remark, and the court stated: "All right, reserve your exception, but the court instructs the jury not to pay any attention to anything except what they remember the evidence to be."

We are unable to agree with appellant that the remarks of the Assistant County Attorney, if improper, were obviously of the nature to impair the rights of appellant or to improperly prejudice his case before the jury. The evidence is sufficient to sustain the conviction, and appellant received the minimum term. In this condition of the record we are constrained to hold that the argument complained of does not constitute reversible error.

Believing that our original disposition of this case was correct, appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.