[Crim. No. 5263. Second Dist., Div. Three. Dec. 28, 1954.]

THE PEOPLE, Respondent, v. RICHARD WILLIAM WOOD et al., Defendants; SAMUEL J. MACIAS, Appellant.

Alexander L. Oster for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant Macias and Richard William Wood were charged with robbery. Macias admitted an allegation in the information that he had been convicted of a felony. Upon the motion of defendant Wood separate trials were ordered. In a jury trial, Macias was found guilty of robbery in the first degree. He appeals from the judgment.

Appellant contends that the evidence was insufficient to support the judgment; and that the court erred in giving an instruction and in refusing to give a requested instruction.

On February 2, 1954, about 2 a. m., two men entered a gasoline service station in Los Angeles and talked with the attendant, Mr. Moore, five or ten minutes regarding the purchase of a tire. Then one of the men pointed a revolver at Mr. Moore and told him to open the cash box and the safe. The attendant complied with the demand, and the man took about $70 from the box and safe, and $10 from the attendant's wallet. Then the other man told the attendant to go into the back of the station. The attendant complied with the demand, and then the other man tied the attendant's hands with tape and tied his feet with a belt. After the men left, the attendant untied himself and telephoned the police.

Mr. Moore, the attendant, testified that defendant Macias was the man who pointed the revolver at him and took the money; that the revolver referred to as Exhibit 1 is similar to the revolver which Macias pointed at him; that he could not identify the other robber.

Officers Gonzales and Estrada arrested Macias on February 18, 1954, at his apartment. Officer Estrada found a revolver, Exhibit 1, under the drainboard of the kitchen sink in Macias' apartment. Officer Estrada testified that, after finding the gun, he went into the living room where Macias, Wood, and

Officer Gonzales were, and he (Estrada) asked Macias if he had any other guns in the house, and Macias said, "No, that is the only gun I have"; after Macias' sister came into the room Macias pointed to his sister and said, "That is not my gun. It belongs to my brother-in-law."

About February 23, Officer Gonzales and another officer took Macias and Wood to the service station, where Mr. Moore, the robbery victim, was present. Mr. Moore testified that at that time Wood "re-enacted the holdup"—he went over what happened on the night of the holdup, telling of things that happened; Officer Gonzales asked Mr. Moore if he recognized the other person involved in the robbery; Mr. Moore replied that he did recognize the other person involved, and that he (witness) pointed at Macias and Macias said, "Who me?"; then he (witness) said, "Yes."

Macias testified that he did not commit the crime alleged in the information; that on February 2, 1954, at 2 a. m., he was at his home (his home was more than 10 miles from the service station); on February 1, 1954, about 9 p. m., he went to the home of his girl friend, Nellie Cabellero; after being there about 15 minutes he and Nellie went to the home of Mrs. Alvarez and stayed there until approximately 12:15 a. m.; he and Nellie arrived at Nellie's home about 1:20 a. m.; he returned to his home at 1:50 or 2 a. m.

Mrs. Alvarez testified that Macias and Nellie visited at her home on February 1, 1954, and stayed there until after midnight.

Nellie Cabellero testified that she and Macias arrived at Mrs. Alvarez' home about 9:30 p. m. on February 1, 1954, and left there a few minutes after midnight; Macias left Nellie's home after 1:30 p. m. on February 2, 1954.

With reference to appellant's contention that the evidence was insufficient to support the judgment, his counsel seems to argue to the effect that an "extraordinary situation is here presented" because Mr. Moore could not identify the "other fellow" who tied him up. The alleged point of such argument is not stated clearly in appellant's briefs or at all, but it seems from the oral argument of appellant's counsel that he is implying that since Mr. Moore could not identify the other fellow his identification of Macias was not reliable. Mr. Moore stated positively that Macias was one of the robbers. The contention regarding insufficiency of the evidence is wholly without merit.

Appellant also contends that the court erred in giving

an instruction, at the request of plaintiff, which was in substance as follows: "If . . . there was an occasion when the defendant, under conditions which fairly afforded him an opportunity to reply, failed to make denial in the face of an accusation . . . charging him with the crime . . . the circumstance of his silence may be considered against him as indicating an admission that the accusation thus made was true. . . ." His argument is that he did not remain silent in face of the accusation by Mr. Moore—when Mr. Moore pointed to appellant as one of the robbers; that since appellant answered, "Who me?" he was under no further duty to speak. It is to be noted that after Macias made such inquiry, as to whether Mr. Moore was referring to him, Mr. Moore said, "Yes." If Macias made such inquiry because he was in doubt as to whether he was being accused, he could not have any such doubt after Mr. Moore, in reply to the inquiry, said "Yes." Thereafter, appellant did remain silent. It was proper to give said instruction.

Appellant also contends that the court erred in refusing to give an instruction, requested by appellant, which was in substance as follows: "The jury are further instructed that if . . . they find that there are two reasonable theories equally supported by the testimony with the guilt of the defendant, and the other is consistent with the innocence of the defendant then it is the policy of the law, and the law makes it the duty of the jury to adopt the theory which is consistent with the innocence of the defendant and to find the defendant not guilty." The instruction is not clear—the part of the instruction which reads "two reasonable theories equally supported by the testimony with the guilt of the defendant" is not understandable. The instruction in the form in which it was proposed should not have been given, because it was confusing. Presumably that part of the instruction just quoted was intended to read "two reasonable theories equally supported by the testimony, *one of which is consistent* with the guilt of defendant." Even if the instruction had included those italicized words (or words of similar meaning) at the place indicated, it was not error to refuse to give the instruction. In *People* v. *Savage*, 66 Cal.App.2d 237 [152 P.2d 240], it was said at page 247: "Where the proof is not entirely circumstantial it is not error to refuse an instruction requiring the jury to adopt that interpretation which would admit of defendant's innocence and to reject that which would point to the guilt of the accused." In the

present case there was substantial direct evidence. Mr. Moore testified, as above stated, that Macias was the man who pointed the revolver at him and took the money.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.