452 P.2d 509

**STATE of Arizona, Appellee,**

v.

**Richard Lee MILLER, Appellant.**

**No. 1796.**

Supreme Court of Arizona.

In Banc.

March 26, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag and Norval C. Jesperson, Asst. Attys. Gen., Darrell F. Smith, former Atty. Gen., Phoenix, for appellee.

John M. Levy, Phoenix, for appellant.

STRUCKMEYER, Justice.

On May 20, 1966, Richard Lee Miller and Gwendolyn Frances Harrison were informed against by the County Attorney of Maricopa County for the crime of Burglary, First Degree, a Felony. Thereafter, an amended information was filed dismissing the charge as against Gwendolyn Frances Harrison. On the amended information Miller was tried and found guilty of Burglary in the First Degree and sentenced to imprisonment in the state prison for not less than ten nor more than fifteen years.

At the trial Miller did not take the witness stand, but Gwendolyn Frances Harrison testified for the defense that on May 3, 1966, Miller was unemployed and she and Miller spent the day seeking work. She further testified that he had consumed

large quantities of beer and wine that day, and in the evening as they drove west on Apache Boulevard in the City of Mesa, Miller required the use of a restroom. He turned off the highway and drove around to the back of a building called the Rural T. V. & Appliance Shop, then drove to the front of the building and stopped the car. The proprietor of the appliance shop, W. H. Drummond, was outside the building preparing to leave when he saw Miller drive around the building. He returned to the store through the backdoor and walked from the back to the showroom where he observed the defendant just as he broke into the store by breaking open a side door.

The side door of the store had a double lock, a hasp and a "leg lock" which the testimony indicated "just splintered" off. The glass in the door was also broken. Drummond called out to Miller who thereupon turned around, left the store, entered his car and drove away. Drummond immediately called the Sheriff's Office and gave the license number and a description of the Miller vehicle. Miller and Gwendolyn Frances Harrison were arrested about an hour later on the highway between Mesa and Phoenix.

 At the trial the defense requested the court to instruct the jury on Second Degree Burglary, burglary in the daytime, which is punishable by not to exceed five years in the state penitentiary. See A.R.S. § 13–302. The request was predicated upon the State's evidence establishing that sunset was at 7:12 p. m. and upon the testimony of Gwendolyn Frances Harrison:

"Q If you know, what time did you and Richard arrive at the Rural TV and Appliance Shop, 9546 Apache Trail?

"A What time we arrived?

"Q Yes.

"A 7:00 o'clock.

"Q Well, how do you fix that time?

"A Well, I had the radio on or I had just turned the radio on and I was listening for the time because, as I said, I had

to be back at Phoenix by 7:00 to take my mother away.

"Q You fix the time at 7:00?

"A Yes."

The State's evidence was that the telephone call from Drummond came to the Sheriff's Office at 7:30 p. m.

The refusal of defendant's requested instruction is manifestly error. We said in State v. Lyons, 98 Ariz. 379, 380, 405 P.2d 810, 812:

"If there is a conflict in the evidence as to whether the act was committed in the daytime or the nighttime, then it would be the duty of the court to instruct the jury and submit verdicts in regard to burglary in both the first and second degree, leaving the question of degree to the jury. State v. Cox, 93 Ariz. 73, 378 P.2d 750."

Miller also complains of the court's refusal to give his requested Instruction #3. Defendant's Instruction #3 is in effect that if a conclusion of innocence was equally reasonable as that of guilt, the jury should return a verdict of not guilty. It is Miller's argument that since there was no direct evidence of his felonious intent at the time of entering and since the court failed to instruct on the legal effect of circumstantial evidence the failure to give his requested instruction was reversible error. We do not equate the defendant's requested Instruction #3 with a proper instruction on the probative force of circumstantial evidence. It is much weaker than the language customarily approved. See State v. Butler, 82 Ariz. 25, 307 P.2d 916. But since a retrial is necessitated, we will consider defendant's position on its merits.

 Unquestionably, a specific felonious intent is an essential element of the crime of burglary, A.R.S. § 13–302, subsec. A. Such intent may be established by circumstantial evidence. State v. Jackson, 101 Ariz. 399, 420 P.2d 270. However, in order to sustain a conviction on circumstantial evidence alone, the evidence must not only be consistent with the hypothesis that

the accused is guilty, but also must be inconsistent with any hypothesis which would tend to establish innocence. State v. Alkhowarizmi, 101 Ariz. 514, 421 P.2d 871. We have held that it is fundamental error for the court to fail to instruct on the probative force of circumstantial evidence if the prosecution must rely exclusively thereon for a conviction. State v. Tigue, 95 Ariz. 45, 386 P.2d 402. Conversely, the failure to instruct on the effect of circumstantial evidence is not fundamental error if the prosecution does not rely exclusively thereon. State v. Maynard, 101 Ariz. 239, 418 P.2d 576.

Where the trial court is requested to instruct on the weight to be accorded circumstantial evidence, the authorities are fairly uniform in holding that it may be refused if there is direct evidence of the elements of the offense and the circumstantial evidence is only incidental and corroborative. People v. Masters, 219 Cal.App.2d 672, 33 Cal.Rptr. 383; Iwerks v. People, 108 Colo. 556, 120 P.2d 961; Sanders v. State (Miss.), 192 So. 344; State v. Ybarra (Mo.), 386 S.W.2d 384; State v. Mah Sam Hing, 89 Mont. 178, 295 P. 1014; Fisher v. State, 154 Neb. 166, 47 N.W.2d 349; Wesley v. State, 149 Tex.Crim. 650, 198 S.W.2d 103; State v. Nortin, 170 Or. 296, 133 P.2d 252; Mainer v. State, 151 Tex.Crim. 532, 208 S.W.2d 900.

For example, in People v. Blankenship, 171 Cal.App.2d 66, 340 P.2d 282, the California Court in considering the identical instruction requested here, said:

"The proposed instruction correctly states the law and should be given whenever proof of some essential fact is necessary to sustain a verdict against an accused, and the proof of such fact *depends upon circumstantial* evidence. However, where, as here the prosecution relies for conviction upon direct evidence, *the circumstantial evidence, if any, being merely incidental to and corroborative of the direct evidence, an instruction on the law of circumstantial evidence need not be given* (People v. Coontz, 119 Cal. App.2d 276, 281, 259 P.2d 694; People

v. Lonnen, 139 Cal. 634, 637, 73 P. 586; People v. Wood, 129 Cal.App.2d 823, 826, 827, 277 P.2d 832). In the case at bar, the testimony of the prosecutrix was direct and was evidently the basis for conviction. While circumstantial evidence was introduced to show that appellant was the person who attacked Mrs. Williams, such evidence was merely incidental to and corroborative of Mrs. Williams' unequivocal identification of appellant on three different occasions. In harmony with the decision above cited, it appears to be a reasonable conclusion that the court did not err in refusing the proffered instruction." (Italics in original)

Statements to the contrary to be found in State v. Bradley, 102 Ariz. 482, 433 P.2d 273, and State v. Simpier, 1 Ariz.App. 98, 101, 399 P.2d 719 are expressly disapproved.

In the instant case the defendant was interrupted after entering the Rural T. V. and Appliance Shop before his motive or intent was disclosed by his subsequent actions. Where the essential elements of an offense are proven by direct evidence and motive or intent are only circumstantially established, the authorities are not uniform. In California the decisions seem to require the giving of the instruction. See e. g. People v. Yokum, 145 Cal.App.2d 245, 302 P.2d 406.

However, in Schwartz v. Texas, 172 Tex. Crim. 326, 357 S.W.2d 393, the Texas Court came to a contrary conclusion in an embezzlement case:

"Appellant next insists that the court erred in refusing to charge the jury on circumstantial evidence because there was no direct evidence that he fraudulently converted the mohair to his own use and benefit. With the exception of appellant's intent each essential element of the offense was proven by direct evidence. It is the rule that in such cases where intent alone is determined by circumstances a charge on circumstantial evidence is not required. 22 Tex.Jur.2nd, par. 144, pages 38–40; Burgess v. State, 108 Tex.Cr.R. 48, 299 S.W.

**338**

254 and Stocks v. State, 147 Tex.Cr.R. 164, 179 S.W.2d 305."

And in State v. Nortin, supra at 326, 133 P.2d at 263 the Oregon Court held:

"Motive and intent may constitute a material element in a criminal charge. These are issues relative to mental condition as to which direct testimony is often impossible. It is rightly held '* * * that an instruction on circumstantial evidence is not necessary where the circumstances in evidence are introduced only for the purpose of corroboration; or only to show motive; or where the only question to be determined by the jury is that of intent, or venue; * * *'."

■ We have considered the conflict and are of the opinion that it is unnecessary for the trial court to instruct on circumstantial evidence if all the elements of the offense except intent are established by direct evidence.

■ Defendant's requested Instruction #7 purported to tell the jury that they could not return a verdict merely on suspicion or mere probability. This is a correct statement of the law. However, its thrust was conveyed to the jury by the court's instruction on reasonable doubt and can be given or refused within the discretion of the trial judge.

■ One further observation should be made. Nothing we have said in this decision should be construed as having application to the general intent required to be found in the union or joint operation of act and intent in every crime or public offense. See A.R.S. § 13–131. The general intent there required is to be determined by the circumstances connected with the offense and the sound mind and discretion of the accused under the usual and customary instructions on reasonable doubt.

Judgment reversed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.