**Emmet Murl WAGNER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43376.

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Rehearing Denied March 10, 1971.

Ben D. Sudderth, Comanche, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction of robbery by assault. The trial was to a jury with punishment assessed by the court at five years.

The state's evidence shows that at about noon on May 17, 1969, the victim, Albert Rico, a Navajo Indian, went to the Texhoma Lounge in Dallas, Texas, where the appellant and his co-indictee, Curtis Ray Birmingham, were drinking beer and playing pool. Rico began talking to Birmingham, and Birmingham asked Rico to buy him a beer, which he did. Rico had been paid the day before and had about $50 with him. Rico left the bar in the early afternoon but returned about 10:30 that night. The appellant and Birmingham were in the bar when Rico returned, but after 15 to 30 minutes, they left. A short time later, Rico left, by himself, and with $10 in his billfold. When he got outside, two men jumped him. One, whom he could not see, held his arms, while the other, Curtis Birmingham, hit him several times from the front. Then they knocked him down and began to kick him. They took his billfold and poured beer on him. Once more he recognized Birmingham, but he could not see the other's face. On cross-examination, defense counsel asked Rico:

"Q And the only person that you saw after you went out of that bar that you can identify was this fellow, Curtis, isn't that true?

"A That is right."

Briggs Dillard, an automobile salesman, testified that on the night in question he observed this incident outside the Texhoma Lounge while using a laundromat across the street. He saw two men beating another man who appeared to be an Indian. When the Indian escaped, the others chased him, but they returned when he got within light of a 7–11 Store. They then deposited something in a clump of bushes beside a building across the street from the lounge. Dillard gave a general description of size, build, and clothing to police officers, but he testified that he could not positively identify the appellant as the younger of the two men who robbed the Indian. On cross-examination, the following occurred:

"Q And we could agree that there is probably thousands and was on that date, that were in their early twenties, with light colored hair, and about five foot, ten inches tall and with a stocky build, don't you imagine?

"A Sure.

"Q Okay. And the same answer would be if I added long sideburns, don't you imagine?

"A Well, there are quite a few long sideburns.

\* &ast; \* \* \* \*

"Q Okay. And then if we added to that, I just wonder, don't you imagine there are also many thousands of shirts sold in Dallas that had bold plaid patterns?

"A Sure."

■ Appellant first contends that evidence of appellant's commission of extraneous offenses not resulting in final convictions was inadmissible. Although this is the general rule, an exception lies where evidence of commission of other crimes by the accused is used to show identity of person, intent, motive, scienter, system and malice. Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476; 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300. In this case, the issue of identity was raised by cross-examination. The state then produced Iverson L. Kilgore, who testified that appellant committed a similar crime upon him about 2 weeks earlier. Evidence of this offense was admissible to prove the identity of the appellant. Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Hawkins v. State, Tex. Cr.App., 450 S.W.2d 349; Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Parks v. State, Tex.Cr.App., 437 S.W.2d 554.

Appellant's second ground of error pertains to the court's charge pertaining to the extraneous offense. Appellant timely requested a special charge limiting the jury's consideration of the extraneous offense to the issue of intent. Although the requested instruction was not given, the instructions given by the court are adequate and fully protect the rights of the accused. It instructs the jury not to consider the testimony "for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same as showing scheme, identity, intent, motive, or knowledge of the defendant, if it does, in connection with the offense, if any, alleged against him in the indictment and for no other purpose." When such an adequate special charge is given, refusal of the one requested is not error. Parks v. State, 437 S.W.2d 554; Owens v. State, 450 S.W.2d 324.

Appellant next complains because the court refused to charge the jury on circumstantial evidence. The defendant took the stand in his own behalf and admitted participation in the struggle with the victim. His testimony was that he stepped outside of the lounge because it was too warm inside, and observed Rico and Birmingham. After Birmingham attacked Rico, appellant claims that he went to Rico's aid and broke up the fight. The only issue, then, was the intent of the appellant, and where intent alone is determined by circumstances, a charge on circumstantial evidence is not required. Schwartz v. State, 172 Tex.Cr.R. 326, 357 S.W.2d 393. Birmingham, appellant's co-indictee, an accomplice witness, testified that appellant removed the victim's wallet from his pocket. Dillard had tentatively identified appellant as a participant in the robbery. "Where direct and positive evidence shows the appropriation, proof of the fraudulent intent by means of circumstantial evidence does not require a charge on that subject." 22 Tex.Jur.2d, Sec. 144, pages 38–40. Further, where evidence against accused is positive, although it is that of an accomplice, a charge on circumstantial evidence is not necessary. Kidwell v. State, 35 Tex.Cr.R. 264, 33 S.W. 342; Johnson v. State, 72 Tex. Cr.R. 387, 162 S.W. 512.

Lastly, the appellant challenges the sufficiency of the evidence to identify him as the perpetrator of the crime and to support the conviction. This contention is without merit, as the testimony of Rico, Dillard, Kilgore, and the appellant himself, together with the supporting testimony of police officers and other witnesses who observed the appellant on the night in question, support a jury finding of guilty.

The judgment is affirmed.