Kevin Devere GILMORE, Appellant,

v.

STATE of Texas, State.

No. 2–90–264–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 14, 1992.

Glynis Adams McGinty, Law Offices of Glynis Adams McGinty, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Lynn Allison, Kimberly Kaufmann, Greg Pipes, Assts., Fort Worth, for appellee.

Before LATTIMORE, MEYERS and DAY, JJ.

## OPINION

PER CURIAM.

Appellant, Kevin Devere Gilmore, appeals his conviction of robbery by threats and repetition. *See* TEX. PENAL CODE ANN. sec. 29.02(a)(2) (Vernon 1989) and section 12.42 (Vernon 1974). After being found guilty by the court, he was sentenced to twenty-five years in the state penitentiary. In two points of error, appellant attacks the sufficiency of the evidence to support his conviction.

On the afternoon of April 9, 1990, Edward Johnson, a fifty-seven year old homeless man, was accosted by two black males. Johnson had just made purchases at a Fina station on Hemphill in Fort Worth, Texas. Fort Worth police officer D.K. Wilson was driving down Hemphill when he saw a black male grab Johnson, whom he knew, and pull him toward the rear of a building while a second black male approached the pair. The officer drove around the building to investigate and saw the two men holding Johnson against a building while they searched his pockets. The officer was able to arrest the two men while they were still at the scene. Johnson told Officer Wilson the men had threatened to kill him if he resisted.

At trial, Johnson testified he had been drinking wine that day and in fact bought another bottle at the Fina station along with a pocket knife. Johnson was unable to identify the defendant as one of his attackers. He told the court he remem-

bered the event, and remembered being afraid of being injured or killed. He recalled the police officer arriving shortly after the two men grabbed his arms, but could not recall specifically what he said to the officer. Janie Brownley, an investigator for the defense attorney, testified that she had interviewed the victim several days before trial and at that time Johnson had no memory of the robbery. Brownley testified that Johnson told her he had been told of the event, but was so drunk when it happened that he had no memory of it at all.

Officer Wilson testified that from the time he saw the two men holding Johnson against the building and going through his pockets until both suspects were arrested, the men were never out of his sight. The defendant was positively identified in court as one of the two assailants. Officer Wilson testified that Johnson had been drinking, but was able to tell him what had happened and was very serious about his belief that the men would have injured or killed him. A pocket knife was found in the jacket pocket of one of the two men. Johnson identified it at the scene as the one he had just bought which the men had taken from him. It was returned to Johnson at that time.

■ In his first point of error, appellant contends the evidence was insufficient to convict appellant based on Johnson's "unreliable testimony and failure to identify assailants." Johnson's state of intoxication on the date of the robbery certainly goes to the weight to be given to his testimony. It is appellant's argument that since Johnson could not identify him as one of the assailants, and appellant's "mere presence" at the scene is not enough to convict him, the evidence is insufficient. *Wright v. State*, 603 S.W.2d 838, 840–41 (Tex.Crim.App. [Panel Op.] 1979). According to the record, however, appellant was not "merely present" at the scene. He was not standing nearby, or walking nearby, or even doing anything to help Johnson. Instead, appellant was seen holding the victim up against a building in concert with another man, while they rifled through the victim's pockets. Officer Wilson saw the robbery, and detained the two men until backup arrived. Appellant was actively involved in the offense when Officer Wilson arrived on the scene. Officer Wilson's identification of appellant as one of the two men he saw rob Johnson clearly supports the conviction. *Wright*, 603 S.W.2d at 841; *Spencer v. State*, 789 S.W.2d 397, 400 (Tex. App.—Dallas 1990, no pet.). Point one is overruled.

■ In his second point of error, appellant contends the trial court erred in overruling his motion for instructed verdict based on the State's failure to present a prima facie case based on circumstantial evidence. It is argued that no theft from Johnson was proven by the State and hence, no robbery. An actual theft is not necessary to support a robbery conviction. The elements of robbery are: a person, *in the course of committing theft*, intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. sec. 29.-02(a)(2). Even if there had been no evidence that the men had taken Johnson's pocket knife, there was still evidence they were searching through his pockets for whatever he possessed. *Crank v. State*, 761 S.W.2d 328, 350 (Tex.Crim.App.1988); *Autry v. State*, 626 S.W.2d 758, 762 (Tex. Crim.App.1982).

■ Appellant also argues that because Officer Wilson did not see the pocket knife taken from Johnson and placed in the jacket pocket of one of the two suspects, the case is based on circumstantial evidence. As explained above, this case is based on events witnessed by Officer Wilson as well as what Johnson was able to tell the officer. Only the intention of the two men was proven by circumstantial evidence. That element alone does not make this a circumstantial evidence case. *Ransonette v. State*, 550 S.W.2d 36, 43 (Tex.Crim.App. 1976); *Schwartz v. State*, 172 Tex.Crim. 326, 357 S.W.2d 393, 397 (1962). Point of error two is overruled.

The conviction and sentence of the trial court is affirmed.