**AFFIRM; and Opinion Filed June 20, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00478-CR**

**JAMES RONALD HAYNIE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-60746-W**

## MEMORANDUM OPINION

Before Justices Lang-Miers and Fillmore[1]
Opinion by Justice Lang-Miers

A jury convicted appellant James Ronald Haynie of aggravated robbery with a deadly weapon. The trial court assessed punishment at 30 years in prison. On appeal, appellant argues that the trial court erred by refusing his requests for jury instructions on lesser included offenses. For the following reasons, we affirm the trial court's judgment.

### BACKGROUND

On the morning of October 7, 2011, a man entered a CVS store on Garland Road near Peavy Road in Dallas. The man handed the cashier a note and then said, "It says, give me $40." The man also said, "I have a knife." The man raised his shirt, and the cashier saw the hilt of a knife in the man's pants. The cashier "screamed bloody murder" and "walked away from [the

---

[1]The Honorable Mary Murphy, retired Justice, Court of Appeals for the Fifth District of Texas at Dallas, sat on the panel during submission, but did not participate in this decision.

man] screaming for one of the employees – the male employee to come and help [her]." She said "it scared [her]," she was "shaking," and she was afraid she was going to be hurt. She said she had to take a Valium to calm her nerves and continue working.

Meanwhile, the man ran out of the store. A male CVS employee ran from the back of the store when he heard the complainant scream. He ran out of the store to look for the man or to get a license plate number. He did not find the man, but he saw an old white truck leaving the area. When the police arrived, he described the truck for the police. The police found appellant pushing an old white truck off the road a few blocks from the CVS and arrested him. The crime scene officer found a knife and a crumpled-up note on the ground in the vicinity where appellant was arrested. The note stated, "Give me money, $40." The knife resembled a small steak knife. The State introduced evidence from CVS's surveillance cameras showing a man approaching the counter wearing a long-sleeve shirt, a cap, and sunglasses on top of the cap. The police found inside the truck a shirt, a hat, and sunglasses matching the description of those worn by the robber. During questioning by the police, appellant repeatedly denied using or exhibiting a knife in the CVS store.

The State charged appellant with aggravated robbery and the use or exhibition of a deadly weapon, a knife. The court's charge instructed the jury to find appellant guilty of aggravated robbery with a deadly weapon if the jury believed that appellant "did unlawfully then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place [the complainant] in fear of imminent bodily injury or death and the said defendant also used or exhibited a deadly weapon, to wit: a knife." The jury charge also contained an instruction regarding the lesser included offense of robbery. Appellant requested jury instructions on the lesser included offenses of

–2–

attempted robbery and attempted theft. The trial court denied those requests, and appellant contends that was error.

**STANDARD OF REVIEW**

In our review of alleged jury charge error, we first determine whether the charge contains error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If it does, then we must determine whether the appellant suffered harm. *Id*. Because appellant objected to the charge, if we find error, we review the record for evidence of "some harm." *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App. 2008).

**APPLICABLE LAW**

We use a two-prong test to determine whether a defendant is entitled to an instruction on a lesser included offense. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). The first prong requires us to determine whether the offense for which the instruction was requested is a lesser included offense of the charged offense. *Id*. Because the State concedes the first prong, we are concerned only with whether the second prong was satisfied.

The second prong requires us to determine whether the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser included offense. *Id*. The evidence must establish that a rational jury could acquit the defendant of aggravated robbery with a deadly weapon and convict him of the lesser included offense of attempted robbery or attempted theft. *See id*. "It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

–3–

Appellant does not dispute that he went in the CVS store and demanded money from the cashier. Instead, he argues that there is some evidence to negate his use of a deadly weapon and to allow the jury to conclude that the complainant was not threatened, entitling him to instructions on the lesser included offenses of attempted robbery and attempted theft. We disagree.

Appellant first argues that he was entitled to an instruction on attempted theft. The difference between robbery and theft is that theft does not require evidence that appellant intentionally or knowingly threatened or placed the complainant in fear of imminent bodily injury. *Compare* TEX. PENAL CODE ANN. § 29.02(a) (West 2011) (defining robbery) *with id.* § 31.03(a) (West Supp. 2012) (defining theft). Appellant argues that the complainant's "credibility was called into question when she testified she had to take a drug after the incident in order to calm her nerves" and that this is some evidence upon which a rational jury could have found that the complainant did not feel threatened. But regardless of whether this calls credibility into question, we do not consider the credibility of the evidence in determining whether the evidence supports an instruction on a lesser included offense. *Hall*, 158 S.W.3d at 473. And there was no evidence disputing or negating the evidence that the complainant was "scared," "visibly shaken, frightened," and was in fear "of being hurt." *See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011); *Hall*, 158 S.W.3d 474–76. We conclude that there was no evidence upon which a rational jury could have convicted appellant only of attempted theft. We resolve issue one against appellant.

Appellant next argues that he was entitled to an instruction on the lesser included offense of attempted robbery. One difference between aggravated robbery and robbery is whether a deadly weapon was used or exhibited during the commission of the offense. *Compare* TEX.

PENAL CODE ANN. § 29.03(a)(2) (West 2011) (defining aggravated robbery) *with id.* § 29.02 (defining robbery). Appellant argues that during the police interrogation he repeatedly denied using or exhibiting a knife and there was other evidence upon which a rational jury could have found that he did not use or exhibit a knife during the offense. But evidence that appellant went in the CVS store, demanded money from the cashier, and placed the cashier in fear of imminent bodily injury—without using a deadly weapon—is evidence of robbery, not attempted robbery. *Compare id.* § 29.02 (defining robbery) *with id.* § 15.01 (defining criminal attempt). In other words, the evidence showed an actual, not attempted, robbery. *See Gilmore v. State*, 822 S.W.2d 350, 352 (Tex. App.—Fort Worth 1992, no pet.) (actual theft not necessary to support robbery conviction). The trial court instructed the jury on the lesser included offense of robbery without the use of a deadly weapon and the jury rejected it. We conclude that a rational jury could not have found appellant guilty only of attempted robbery. We resolve issue two against appellant.

## CONCLUSION

The trial court did not err by denying appellant's requests to instruct the jury on the lesser included offenses of attempted robbery and attempted theft. We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.4

120478F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES RONALD HAYNIE, Appellant

No. 05-12-00478-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-60746-W.
Opinion delivered by Justice Lang-Miers, Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of June, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE