ROBERT MAINER V. THE STATE.

No. 23953. Delivered March 3, 1948.

*T. D. Kimbrough,* of Midland, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a five year sentence on a charge of burglary of a private residence at night time.

The evidence shows that B. H. Blakeney lived at 311 North Loraine Street, in Midland; that on January 4th, 1944, at about four o'clock in the afternoon, he and his wife left for San Antonio for an extended stay and that their house was securely locked. Appellant made a voluntary written statement, which was introduced in evidence, in which he confessed that he and Earl Miller arrived in Midland at about 8 o'clock on the night of January 4, 1944. They went to the Blakeney residence, broke into it and took goods estimated to be of the value of $1,400.00, It will not be necessary to describe the property taken, nor detail the recovery thereof. In addition to the written statement, many of the articles were recovered as a result of directions given to the sheriff by appellant. The fact that the crime was committed is proven by the testimony of Mr. Blakeney.

The first question presented in the case is based on the contention that the court should have charged on circumstantial evidence. Appellant says in his brief, "According to the Defendant's statement the house was broken into on January 4, 1944, and according to the Sheriff Ed Darnell's statement, he discovered the burglary on January 4, 1944, (SF 3) and the only testimony introduced that the burglary was at night time was the Sheriff's statement, 'Candles had been used for lighting purposes and the drippings were all over everything.'" Such statement checks with the record. It therefore appears from appellant's brief that he arrived in the city at 8 o'clock on the night of January 4th. He does not say they went immediately to the residence, but says that they went to the residence and after committing the burglary they left the city for Pecos and El Paso, and other places enumerated. It is the sheriff's testimony that he was led to discover this burglary on January 4th, 1944, the same night that appellant arrived in the town. It is, therefore, positive testimony that the burglary occurred at night time on January 4th, 1944, between 8 o'clock P. M. and midnight. Where positive testimony is given the State may introduce circumstances supporting it, but this does not require a charge on circumstantial evidence. The question is well settled.

A further question is raised, but not insisted on, that the written confession should not be admitted in evidence because of the fact that the sheriff might have told appellant that it would probably be better for him to make a statement. An examination of the record fails to show anywhere that such advice induced appellant to make the statement.

In the case of Smith v. State, 237 S. W. 265, we find a similar situation to the question presented in the instant case. In the Smith case the testimony showed that someone said to the party making the statement "that it would be better for her to tell; that the best thing was to tell all about it." The Court, in discussing this matter, said:

"After the re-examination of the witness Graves appellant moved the court to withdraw the confession, on the ground that it was not voluntarily made, or was made in response to questions. Sheriff Allen was not interrogated on this point; neither did Eliza Smith make any issue that the statement had been induced by promises or threats. The fact that she may have been told that it would be better for her to tell it does not render the confession inadmissible. * * *"

The opinion cites Thomas v. State, 35 Tex. Cr. R. 178, 32

534

S. W. 771; and Turner v. State, 41 Tex. Cr. R. 329, 54 S. W. 579. See also, Stewart v. State, 64 S. W. (2d) 782.

Finding no reversible error, the judgment of the trial court is affirmed.