## JACK HARGISS V. STATE

No. 34,739.    June 30, 1962
Motion for Rehearing Denied October 17, 1962

*Aubrey Robison,* Daingerfield, for appellant.

*Bill Bourke,* County Attorney, Daingerfield, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of intoxicating liquor

for the purpose of sale in a dry area; the punishment, a fine of $300.

Officers went to appellant's premises with a search warrant and found 10 one-half pints of vodka 35 or 40 feet south of the back of his house and outside of his enclosure. There was a trail from the house to an old abandoned cellar where this vodka was found. Three cases of beer and a broken case were found buried in an open field, two cases in one place and one in another.

An empty vodka bottle found in a trash can at the rear of the house had serial number 25208937. Serial numbers 25208929, 935 and 939 were among the numbers on the vodka above mentioned.

Across the road from appellant's house and some 50 or 60 yards from his front door a case of Tom Moore Whisky and 24 half-pints of vodka were found in a hole. A trail was visible from the road to the liquor, but the yard was described as "hard packed" and "you could not see the trail until you got right across the ditch."

46 half-pints of whisky and 24 half-pints of gin were found some 65 or 70 feet from appellant's house and 15 to 20 yards from the road. This was also across the road from appellant's premises and the evidence shows that there was a trail that "leads from the road direct straight to the house and to the whisky and direct back to the house".

The whisky, vodka and beer was introduced in evidence and it was stipulated that the area was dry.

Appellant questions the sufficiency of the evidence to sustain the conviction. He points out these additional facts: No alcoholic beverages were found on appellant's premises except a can of beer found in his house. There was considerable testimony as to trails across appellant's premises as well as adjoining land. There is no evidence to show that the trails between appellant's premises and the places where the liquor was found were made by appellant, or that he had anything to do with them.

Orby Arthur as well as the appellant lived on appellant's premises. Both were present at the time of the search and there is no explanation as to Arthur's presence or why he was not charged with possessing the liquor.

The evidence, viewed in the light most favorable to the verdict of the jury, we conclude, is sufficient to sustain the conviction. That Arthur may have also been implicated in the possession of the liquor is not controlling. The liquor may have been possessed jointly by appellant and Arthur.

The remaining ground for reversal is predicated upon the fact that the court in his charge treated the prosecution as being for possession of liquor, whereas the information alleged the possession of an alcoholic beverage, to-wit, whisky, vodka and beer. Fundamental error is claimed, there being no objection to the charge or requested charge.

Art. 666-3a V.A.P.C. defines "Liquor" as meaning any alcoholic beverage containing alcohol in excess of 4 per cent by weight, unless otherwise indicated, and further provides: "Proof that an alcoholic beverage is * * * whisky, liquor * * * shall be prima facie evidence that the same is liquor as herein defined."

The effect of the charge was to relieve appellant of the accusation of possession of beer, and to require the jury to find, in order to convict, that appellant possessed liquor for the purpose of sale. This is demonstrated by the further fact that the prima facie rule regarding the possession of more than a quart of liquor in a dry area was given to the jury, and there was no reference made to the prima facie rule regarding possession of alcoholic beverages such as beer.

If there was error in the charge, it was waived by the failure of appellant to object in the trial court. Also, the charge given was favorable to appellant and the error, if any, was harmless. Art. 666 V.A.C.C.P.

The judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant, if we understand his position correctly, contends that the evidence did not overcome the outstanding hypothesis that Orby Arthur and not he possessed the intoxicants. We call attention to the fact that the record shows that Arthur's trailer house, located some 75 yards from appellant's house, was searched and no intoxicants or evidence thereof were found and the record fails to reflect that any trails were found leading from such trailer

house to any of the concealed intoxicants, while the trails were shown to lead from appellant's house to the places where the intoxicants were found. See Stewart v. State, 127 Texas Cr. Rep. 147, 74 S.W. 2d 1003.

Appellant's motion for rehearing is overruled.