Arturo GOMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 35355.

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

Joseph Chacon, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Norma Lee Fink, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., of Austin, for the State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of narcotics paraphernalia, a prior conviction for sale of heroin being alleged; the punishment, 30 years.

The prior conviction was established by the evidence.

Police Officers Creed and Dotson, and Irvin Maroney, agent in the Narcotics Section of the Texas Department of Public Safety, went to the upstairs apartment of the appellant with a search warrant.

As the officers entered the premises a man, identified in the testimony of appellant's wife at the trial as Robert Gonzales, jumped out the window and was pursued by Agent Maroney, but escaped.

Officer Creed saw appellant running into the bedroom and stopped him. Officer Dotson searched the apartment. He found an eye dropper with bulb and needle, marked "Basilia Pharmacy", under the linoleum in the dining room; a box of #5 gelatin capsules in a closet and another in the attic, and found a still warm bottle cap or "cooker" in the dining room.

Accompanied by the appellant in their search on the outside, Officers Creed and Maroney found an unmarked eye dropper with a hypodermic needle attached and Officer Maroney found a white powder in a finger stall inside of two other finger stalls.

Chemist Leslie C. Smith testified as to tests run upon the objects and substances mentioned, which were properly identified and admitted in evidence. He testified that analysis was made and the unmarked eye dropper was found to contain heroin, but the eye dropper marked "Basalia Pharmacy" contained nothing; the bottle cap contained heroin and the 1.28 grams of white powder in the finger stall was 50% pure heroin.

Appellant's confession was introduced in evidence following a hearing in the jury's absence as to whether it was voluntarily made. The confession included the following:

"The officers searched my house and Det. Dotson found a joint under the rug in my dining room. This joint was not mine. I took the officers down stairs and around to the East side of the house and showed them where I had thrown a joint and a rubber finger stall containing approximately two grams of heroin. Det. Creed found the joint right away. This was the joint that belonged to me and I had thrown it out of the window. He found the joint near the fence. We looked around and later Agent Maroney found the finger stall containing the heroin that I had thrown out of the window in a drive way across the fence in the back yard. This was all of the heroin that I had left out of three grams. I gave away about four caps of heroin and I sold six caps of heroin."

Appellant called his wife as a witness and he testified, both in the jury's absence on the question of the admissibility of the confession and before the jury. The issues of fact raised by their testimony were submitted to the jury in the court's charge, to which there were no objections, and were resolved against the appellant.

■ The search warrant is not before us. No objection to the introduction of evidence relating to the search or the fruits thereof having been made, appellant's complaint that the search warrant did not name him presents nothing for review.

■ We find no merit in appellant's contention that the evidence is insufficient because none of the narcotics paraphernalia was found in appellant's possession. The evidence is sufficient to sustain the jury's finding that he was in possession of the paraphernalia and narcotics the officers

 

found outside the window where the appellant confessed that he threw them. That his wife or the man who jumped out the window may also have been implicated in the unlawful act is not controlling. Hargiss v. State, Tex.Cr.App., 360 S.W.2d 881.

The judgment is affirmed.