**Ex parte Arturo GOMEZ.**

**No. 37930.**

Court of Criminal Appeals of Texas.

March 31, 1965.

Maury Maverick, Jr., San Antonio, court appointed counsel, for petitioner.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an original application for writ of habeas corpus presented to the Honorable John F. Onion, Jr., Judge of the 175th Judicial District Court of Bexar County, in which petitioner alleges that he is being illegally confined and restrained of his liberty in the Texas Department of Corrections under a void judgment of conviction rendered against him in said court.

Acting under Art. 119, Vernon's Ann.C.C.P., Judge Onion proceeded to hear the petition and, at the conclusion of the hearing, granted the writ and made the same returnable to this court, together with the facts, for final determination.

The record reflects that petitioner was convicted on May 23, 1962, in the 175th Judicial District Court of Bexar County, of the offense of unlawful possession of narcotic paraphernalia (second offense) and his punishment was assessed at confinement in the penitentiary for thirty years. At the trial, petitioner was represented by court-appointed counsel and on appeal, in which the judgment was affirmed by this court, he was represented by counsel of his own selection. Gomez v. State, Tex.Cr.App., 365 S.W.2d 165.

In his original and supplemental petitions for writ of habeas corpus, petitioner alleged that he was denied a fair trial and due process of law under the Sixth and Fourteenth Amendments to the Constitution of

the United States in the following particulars:

1. That he was represented by incompetent counsel.

2. The portion of the indictment alleging the prior conviction was read to the jury before the question of his guilt or innocence was determined.

3. The conviction was upon evidence obtained under an invalid search warrant.

4. A defect in the court's charge.

5. His confession was admitted into evidence without an order by the trial judge declaring it to have been voluntarily made.

We have carefully reviewed the petitions in the light of the facts ascertained at the hearing and conclude that petitioner is not entitled to discharge.

█ The record reflects that petitioner was represented at the trial by counsel who was a duly licensed attorney with several years' experience in the general practice of criminal law. While testimony was offered that counsel had the reputation of being incompetent and also the user of barbiturates, there is no proof that on the occasion of his representation of petitioner he was incompetent.

█ The contention that reading to the jury the portion of the indictment alleging the prior conviction, before a determination of guilt of the primary offense, constitutes a denial of due process has been rejected by this court. See: Crocker v. State, Tex. Cr.App., 385 S.W.2d 392, and the many cases there cited. See, also, Breen v. Beto, January 28, 1965, Fifth Circuit Court of Appeals, 341 F.2d 96.

█ The writ of habeas corpus cannot be utilized, after conviction, to point out alleged errors in a court's charge, as these are matters which should be urged on appeal after timely objection made in the trial court.

While we are aware of no authority which authorizes an attack upon a search warrant by writ of habeas corpus after conviction, we have examined the search warrant in question in view of petitioner's claim that it is invalid under the decision of the Supreme Court of the United States in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

The search warrant issued by the justice of the peace upon the affidavit of Officer Pat Dotson, omitting the formal parts, reads:

"Whereas, a complaint on oath and in writing, in accordance with law, has this day been made before me alleging that the premises described as a two story frame house painted white located at 1720 Buena Vista, the apartment to be searched being the upstairs apartment on the west side of the house, and known as 1720 Buena Vista, and any and all outhouses, garages, edifices, structures, openings and enclosures, and any and all automobiles or trucks found parked a*tor* in front of 1720 Buena Vista, in the City of San Antonio, Bexar County, Texas, and being the premises under the control of a— unknown Latin American *M*ale whose name, age, and description are unknown— is a place where *N*arcotic *D*rugs and *N*arcotic *P*araphernalia are unlawfully possessed in violation of The Uniform Narcotic Drug act, being Article 725b of Vernon's Annotated Penal Code, of the State of Texas.

"You are therefore hereby commanded to enter immediately and search the above described premises for such *N*arcotic *D*rugs and *N*arcotic *P*araphernalia unlawfully possessed in violation of the uniform Narcotic Drug act, being Article 725b of Vernon's Annotated Penal Code, State of Texas, and to take possession of same, and you are further commanded to arrest the said *U*nknown Latin American *M*ale whose name, ag, and description are

unknown who are alleged to be the person or persons in charge of said premises, and to arrest all other parties found in said premises or making their escape therefrom, and immediately take the persons arrested before the nearest magistrate and lodge the proper complaint against each person so arrested."

The affidavit of the officer, among other things recited:

"That on September 21, 1961, the Affiant received information from a credible and reliable person whose identity cannot be revealed for security reasons, that he, the said credible and reliable person, did see narcotic drugs and narcotic paraphernalia unlawfully possessed at 1720 Buena Vista on September 21, 1961, by the unknown Latin American Male whose name, age, and description are unknown. The affiant has good reason to believe and does believe that narcotic drugs and narcotic paraphernalia are unlawfully possessed at 1720 Buena Vista at this time."

■ The affidavit not only states that the affiant had received information from a credible person that narcotic drugs and paraphernalia were unlawfully possessed on the premises but that the said credible and reliable person *did see* the narcotic drugs and paraphernalia "possessed" on the premises. By making the positive assertion that the informer had seen the narcotics and paraphernalia on the premises, the affidavit states more than mere conclusions as was done in Aguilar v. Texas, supra. The facts stated were sufficient to constitute probable cause for issuance of the warrant.

■ We do not agree with petitioner that the allegations in the search warrant that "Narcotic Drugs and Narcotic Paraphernalia" were unlawfully possessed in "violation of The Uniform Narcotic Drug act, being Article 725b of Vernon's Annotated Penal Code, of the State of Texas,"

in the absence of a more particular description of the contraband and offense charged, rendered the warrant invalid for indefiniteness. Nor do we agree that the description of the accused as an "Unknown Latin American Male" rendered the document void as one of racial discrimination in violation of the Equal Protection laws of the Constitution and statutes of the United States.

In view of the contention urged by petitioner that the confession was admitted into evidence without a prior and independent finding by the court that it was voluntarily made, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, the trial judge was directed to certify to this court whether or not at the time of petitioner's trial he found petitioner's confession to have been voluntarily made.

In reply to such order, the trial judge certified that he did so find in a separate hearing out of the presence of the jury.

Petitioner excepts to the certification and points out the statement in the letter of transmittal wherein Judge Onion states:

"I did not make a separate fact finding as now recommended in Lopez v. State [Tex.Cr.App., 384 S.W.2d 345] or Jackson v. Denno."

■ We do not agree with petitioner that, because of such statement in the letter of transmittal, the certification by Judge Onion does not meet the test in Jackson v. Denno, supra, and Lopez v. State, supra.

We construe the letter as merely stating that the judge did not reduce to writing and file among the papers in the case his finding as to the voluntary nature of the confession, as suggested in this court's opinion in Lopez v. State, supra. However, the certificate, itself, certifies that before admitting the confession in evidence the judge did find in a separate hearing outside the presence of the jury that it was voluntarily made. Nor do we agree that the procedure which Judge Onion has certified

he followed in the case is that which the Supreme Court has sought to correct.

Unlike the New York rule condemned in Jackson v. Denno, the Texas trial judge has never been held to be without authority to resolve conflicting evidence hearing on the voluntariness of a confession before admitting it in evidence to the jury. When he has done so, the test in Jackson v. Denno has been met. Under Texas law prior to Jackson v. Denno, the trial judge was not bound to resolve conflicting evidence and pass upon the voluntariness of a confession, but could admit the confession to the jury and leave it to them to determine the issue of voluntariness. It was this procedure that failed to meet the test laid down in Jackson v. Denno.

The petition for writ of habeas corpus and discharge is denied.

Opinion approved by the court.