**Donald David TUTTLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39702.**

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 19, 1966.

Second Motion for Rehearing Denied Nov. 30, 1966.

Third Motion for Rehearing Denied Feb. 15, 1967.

Emmett Colvin, Jr., of Waldie, Mc-Dowell & Colvin, Dallas (on motion for re-hearing only), for appellant.

Henry Wade, Dist. Atty., Harryette Bercu, Curtis Glover, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, twelve years. Notice of appeal was given December 29, 1965.

Officer Cavender testified that on the night in question, armed with a search warrant, he searched appellant's apartment and found a plastic box which contained a substance which appeared to be marihuana. The chain of custody was properly established and Dr. Morton F. Mason, Director of the Dallas City and County Criminal Investigation Laboratory, testified that he conducted a test on a portion of the substance in the plastic box introduced as State's Exhibit No. 1, and found it to be marihuana.

There was testimony concerning the giving of a written confession by appellant, but none accompanies the record, and we find it unnecessary to discuss the same.

Appellant did not testify, but called his wife, who stated that the officers found the plastic box in her child's toy box. She stated that she had inspected the child's box on the day preceding and State's Exhibit No. 1 was not in it. She further stated that on the day of the search one J. H. Whitman had spent an hour in their apartment during which time he asked her if she wanted to smoke some marihuana, but that she had declined.

No formal bills of exception accompany the record, and an examination of the informal bills fail to reflect error.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION FOR REHEARING.

BELCHER, Commissioner.

It is now contended that the marijuana found in the apartment was not sufficient in quantity to support a conviction.

■ Dr. Mason testified that the marijuana in the plastic box, State's Exhibit No. 1, weighed 63 milligrams, which was sufficient to make a very small cigarette. This quantity was sufficient to support the conviction for the possession of marijuana.

■ For the first time, it is now insisted that appellant's written statement was erroneously admitted in evidence in violation of the due process clause in that it is undisputed that he signed it after the officer taking it promised he would release appellant's wife who was then in custody; and that the trial court again erred in not resolving the issues on the voluntary nature of the statement following an independent hearing.

The written statement is not contained in the record, its contents are not revealed, and there is no showing that the jury ever knew its contents. In the absence of the written statement, the above contentions cannot be appraised. However, the record shows that following the independent hearing, the court concluded that from the testimony said statement was voluntarily made and was admissible in evidence.

■ Error is urged by the trial court's failure to grant a mistrial when the state asked a question which amounted to an assertion of fact that appellant remained silent while under arrest in face of a statement that appellant had committed a prior offense.

This matter arose during the state's examination of Officer Cavender, to-wit:

"Q What did she (appellant's wife) say to you detective Cavender?

"A She wanted to give a statement saying the marijuana was her's, because she could get probation and he couldn't.

"Q Did she say anything else?

"Appellant's Attorney: We object to any further statement.

"The Court: Sustain the objection.

"Q Was there anything else said as part of that sentence you have just told us?

"Appellant's Attorney: Your Honor, we object to that.

"The Court: I think he can finish the sentence that she said.

"Q At any rate, Donald David Tuttle here, did not give a statement?

"Appellant's Attorney: We object to that and move for a mistrial and ask that the jury be instructed not to consider it.

"State's Attorney: Thank you, that's all.

"The Court: I will sustain your objection, annd instruct the jury not to consider that last question and overrule your Motion for a mistrial."

From the record as presented, the refusal of appellant's motion for a mistrial was not error.

The motion for rehearing is overruled.

Opinion approved by the Court.

## OPINION
## ON APPELLANT'S SECOND MOTION
## FOR REHEARING

DICE, Commissioner.

Appellant's written confession introduced in evidence at the trial as state's exhibit #2 is now included in the record, and we shall discuss his contention that the court's action in admitting it in evidence constituted a denial of his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The record reflects that prior to admitting the confession in evidence, in which statement appellant admitted that he possessed the marijuana in question, a hearing was held by the court—in the jury's absence—on the question of its admissibility.

Appellant did not testify at the hearing.

Officer Earnest E. Taylor, the person to whom the confession was made, testified that prior to making the statement he gave appellant the statutory warning and told him that he could call his lawyer. Appellant stated that he did not want to call an attorney.

The testimony of Officer Taylor shows that following the search of appellant's apartment on the night of April 19, 1965, the appellant and his wife and one Johnny Charles Johnson were arrested and taken to jail. On the morning of April 21, appellant gave the statement introduced in evidence. After the statement was made, appellant's wife and Johnson were released from custody.

While being examined on voir dire in the jury's absence, the officer testified in part as follows:

"Q Mr. Taylor, didn't you tell this defendant you were going to file on all three of them unless he would sign the statement? A No sir.

"Q Unless one of them signed the statement?—No conversation about that whatsoever.

"*Q* The conversation we had out there was that all three of them would be filed on.

"Q All three of them would be filed on? A. Yes sir.

"Q Did you ever tell this defendant you would not file on his wife? A After he tol*e* me the marijuana was his I told him.

"Q And that was before he signed the statement wasn't it? A Yes sir.

\* \* \* \* \* \*

"Q Other than that did you say something to him about the giving of the statement? A He told me that it was his

marijuana and he asked me if I would turn his wife and Johnny Charles Johnson *aloose* if he told me that it was his marijuana and he said that his wife and Johnny Charles Johnson didn't know anything about it. And I told him that I didn't want to file on them if it was his, and send them to the penitentiary—if it was his that I would take his statement.

"Q Well, did you say anything to him about giving you a statement if it was not his marijuana? A Yes, *i* told him if it wasn't his marijuana, he shouldn't give the statement.

"Q All right, did you tell him tha— unless he signed the statement you would file on his wife and this Johnson? A Not at that time, I didn't, no.

"Q Okay— A This was something that he asked me about. He asked me if he gave a statement would I turn them loose and I told him that I would.

"Q Did you tell him that unless he gave you a statement that all three of *you* would go to the penitentiary? A I did not.

\*   \*   \*   \*   \*   \*

"Q Who else claimed the marijuana? A Becky Tuttle.

\*   \*   \*   \*   \*   \*

"Q And didn't you say that unless he *admitted* it that you would file on all three of them, and— A Yes, we were going to file on all three of them.

"Q And didn't you tell her that if you had found it in her pocket you wouldn't file on her? A No sir, that is not true.

"Q But you did promise this guy you would release his wife if he would sign it—before he signed it, didn't you? A Yes sir.

"Q And that was done down at City Hall the next day and before the written instrument was made wasn't it? A Yes sir."

At the conclusion of the hearing, the trial court found that appellant's statement was voluntarily made and should be admitted in evidence. Such finding appears on page 27 of the statement of facts, and reads:

"THE COURT: After hearing the testimony of the officer, direct and cross examination, it is the opinion of the Court that the *S*tatement was voluntarily made and should be admitted into evidence."

Testimony was then presented to the jury with reference to the execution of the confession and its voluntary nature, and the confession was admitted into evidence.

The court in his charge submitted to the jury, under appropriate instructions, the issue as to the voluntary nature of the confession.

■ We first overrule appellant's contention that the court erred in admitting the confession in evidence in violation of his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States, because it was undisputed that appellant signed the statement after the officer taking the same promised he would release appellant's wife from custody if he would sign the statement.

While it was undisputed that appellant signed the confession after Officer Taylor promised to release his wife from custody, there is no undisputed evidence that such promise induced appellant to make and sign the statement.

Appellant did not testify, as heretofore noted.

Under the record, an issue was raised as to whether the statement was "voluntarily made without compulsion, persuasion,

promises or fear"—which issue was submitted to the jury.

No objection was made to the court's charge, and we find no fundamental error therein.

In admitting the confession in evidence, the court did not err. Mainer v. State, 151 Tex.Cr.R. 532, 208 S.W.2d 900; McCutcheon v. State, 159 Tex.Cr.R. 61, 261 S.W.2d 329.

■ We also overrule appellant's contention that the court erred in failing to resolve the issues relative to execution of the confession and make an independent finding before admitting it in evidence, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

The court's finding that the confession was voluntary did resolve the issues presented and was sufficient compliance with the requirements of Jackson v. Denno, supra, and Lopez v. State, supra. See: Ex parte Gomez, Tex.Cr.App., 389 S.W.2d 308, decided by this court on March 31, 1965.

McIlwain v. State, Tex.Cr.App., 402 S.W.2d 916, cited by appellant, is not here controlling, because in that case the court made no finding as to the voluntary nature of the confession and resolved no fact issue which may have been raised by the evidence with reference to statements read to the accused by the police officer.

■ We also overrule appellant's contention, raised for the first time in his second motion for rehearing, that he "has been denied his right of review on appeal by failure of his retained counsel on original submission to effectively represent him, in violation of his rights under the 14th Amendment to the Constitution of the United States."

The motion for rehearing is overruled.

Opinion approved by the court.