NO. 07-06-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 28, 2008

_____

GABRIEL PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,866; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gabriel Perez, pled guilty in open court to the felony offense of possession of a controlled substance (cocaine) with intent to deliver,[1] enhanced, and was

_____

[1]Tex. Health and Safety Code Ann., § 481.112(a) (Vernon 2003).

sentenced to sixty years confinement. He contends by two issues that the trial court erred when it denied his motion to suppress all physical evidence and all statements made as a result of an illegal search and arrest. We affirm.

## Background

A Lubbock County Grand Jury returned an indictment charging Appellant with possession of a controlled substance (to-wit: cocaine) with intent to deliver. Appellant subsequently filed a motion to suppress all physical evidence and all his statements. At the hearing, DPS Troopers Katrina Jones and Corina Gainey testified that on August 12, 2004, they were traveling east on the U.S. 87 frontage road at County Road 7200 when they stopped a car because its registration had expired. As Jones approached the driver, Gainey approached the passenger. Appellant was the passenger. Neither the driver nor the passenger could produce a driver's license and both appeared to be nervous. A license check revealed that the driver had outstanding warrants. It was also determined that the car belonged to a third party. The troopers arrested the driver, read him his *Miranda* rights, and placed him in the front seat of the patrol car.

At the troopers' request, Appellant voluntarily stepped out of the car. Jones asked Appellant if he had any weapons or narcotics in the car and he answered, "No." When the troopers frisked Appellant as a safety precaution, they noticed he had a white powdery substance on his black pants. As he stood by the roadside, they searched the car incident to the driver's arrest. In the car, they discovered scales covered with a white residue in the

2

glove compartment on the passenger side. They also noticed a similar white powdery substance on the floorboard on the passenger side while the driver's side floorboard was clean. They believed the white substance was cocaine.

Gainey asked Appellant to remove his shoes and he refused. She advised Appellant he was under arrest for possession of drug paraphernalia, handcuffed him, and placed him in the backseat of the patrol car behind the driver. Appellant was read his *Miranda* rights and he indicated that he understood those rights. The troopers then resumed their search of the car.

After completing their search, Jones returned to the patrol car and sat in the back seat with Appellant. She noticed Appellant was very nervous and had removed a shoe. After they arrived at the county jail, Gainey searched the patrol car and found six individually-wrapped rocks of cocaine underneath the front passenger seat. The cocaine rocks were in plastic baggies and appeared to have been kicked underneath the front seat from the rear seat where Appellant had sat while being transported to the county jail. Jones placed Appellant under arrest for possession of a controlled substance. She then advised Appellant that, if he carried any controlled substance into the jail, the possession charge would be bumped up to a higher charge because they had entered a controlled facility with a controlled substance. Appellant responded that he had an additional rock of cocaine in his sock. The troopers secured the additional narcotics and booked Appellant. The rocks located under the front seat and the rock found in Appellant's sock, which were

3

similar to the white powdery substance found on the scales in the glove compartment and floorboard on the passenger side of the vehicle, tested positive for cocaine.

At the end of the hearing, without making a definitive ruling on the record, the trial court expressed doubt as to whether its ruling would be any different from a ruling issued in another criminal case involving the driver of the vehicle.[2]  Our review of the remaining record reveals no additional indication that the trial court ever ruled on Appellant's motion. Furthermore, the record does not reflect the trial court's ruling in the other criminal case, nor whether the issues presented in either hearing were similar.

**Discussion**

Appellant contends his initial arrest for possession of drug paraphernalia lacked probable cause because the car's driver claimed ownership of the scales.  Moreover, he asserts the troopers did not have reasonably trustworthy information warranting a reasonable person to believe Appellant had committed or was committing a crime when he was arrested for possession of drug paraphernalia.  As a result, Appellant contends all physical evidence and his statements following the alleged illegal arrest should be suppressed.

---

[2]In his brief, Appellant cites only the following statement by the trial court in support of his contention that a ruling was made on his motion to suppress:

"Since this is set for trial on Monday, if you-all want to present anything to the Court on Monday morning at 8:30, you may do so.  I doubt the Court's ruling is going to be any different than it was in Mr. Erevia's case, but –. "

4

Initially, Appellant failed to preserve his objections related to his arrest and subsequent search for appeal because the record does not reflect an adverse ruling by the trial court on his motion to suppress. Rule 33.1(a) of the Texas Rules of Appellate Procedure requires, among other things, that the record show the trial court "ruled on the request, objection, or motion, either expressly or implicitly . . . ." Tex. R. App. P. 33.1(a)(2)(A). *See Gutierrez v. State,* 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). Further, the trial court's "Certification of Defendant's Right of Appeal" states "a defendant may appeal only . . . those matters that were raised by written motions filed *and ruled on before trial . . . ."* Emphasis added.

Here, the trial court neither explicitly nor implicitly ruled on Appellant's motion to suppress. "While the fact that the trial judge ultimately found [appellant] guilty is a factor to be considered in determining whether the trial court ruled adversely on his motion to suppress, it is not dispositive." *Montanez v. State,* 195 S.W.3d 101, 105 (Tex.Crim.App. 2006) (a defendant can abandon a motion to suppress before entering a guilty plea). Moreover, to constitute a ruling, the trial court's explicit or implicit statements must do more than just indicate that the trial court is leaning one way or the other. *See Sauceda v. State,* 129 S.W.3d 116, 124 n.6 (Tex.Crim.App. 2004). Here, we have no more than an indication that the court is leaning toward issuing a ruling similar to a ruling in another criminal case.[3]

---

[3]As previously stated, the record does not reflect the trial court's ruling in the other criminal case, nor can we determine whether the issues presented in each hearing was similar.

Accordingly, nothing before this Court was preserved below for review because the record does not sufficiently show that Appellant's motion to suppress was denied.

That said, however, the trial court's judgment would be affirmed even if error was preserved. The initial traffic stop and subsequent frisk of Appellant's person were proper. It is generally accepted that law enforcement officers may lawfully stop and detain a motorist who commits a traffic violation, *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App. 1992), and, once an officer has validly detained an individual, he or she may conduct a limited protective search for weapons if he has a reasonable fear for his safety. *Morrison v. State,* 132 S.W.3d 37, 45 (Tex.App.–Houston [14th Dist.] 2004, pet. ref'd) (citing *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The uncontroverted testimony at the hearing was that the car was stopped for lack of registration and Appellant was frisked for safety reasons.

In addition, the troopers conducted a valid search of the car incident to the driver's arrest. *See State v. Gray,* 158 S.W.3d 465, 469-70 (Tex.Crim.App. 2005); *Wiede v. State,* 157 S.W.3d 87, 96-7 (Tex.App.–Austin 2005, pet. ref'd). The vehicle search incident to arrest can include a search of the passenger compartment of the vehicle. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)*; Welch v. State,* 93 S.W.3d 50, 59 (Tex.Crim.App. 2002) (Womack, J., concurring). Furthermore, a vehicle search can include the vehicle's glove compartment. *Satterwhite v. State*, 726 S.W.2d 81, 86-7 (Tex.Crim.App. 1986), *rev'd on other grounds,* 486 U.S. 249, 250-51, 108 S.Ct. 1792,

100 L.Ed.2d 284 (1988). *See also Williams v. State,* 726 S.W.2d 99, 100 (Tex.Crim.App. 1986); *Moreno v. State,* 124 S.W.3d 339, 350 (Tex.App.–Corpus Christi 2003, no pet.). Thus, pursuant to a valid vehicle search incident to the driver's arrest, the troopers observed the white powdery substance on the floorboard on the passenger side of the vehicle and discovered the scales covered with a white residue in the unlocked glove compartment.

Appellant's demeanor, discovery of the residue-covered scales, the white powdery substance on the passenger floorboard, and the fact that Appellant's pants were covered with a similar substance believed by the troopers to be cocaine supplied probable cause[4] for the troopers to arrest Appellant for possession of the drug paraphernalia.[5] The troopers were not required to *know* that the scales were contraband; their reasonable belief that it was contraband was sufficient. *Texas v. Brown,* 460 U.S. 730, 742-43, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Just because the driver may have also been implicated in possession of the scales is not controlling for purposes of determining whether probable

---

[4]"Probable cause deals with probabilities." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). While it requires more than mere suspicion, it may be established by far less evidence than that necessary to support a conviction or even a finding by a preponderance of evidence. *Id*.

[5]A person commits the offense of possession of drug paraphernalia if the person knowingly uses or possesses with intent to use drug paraphernalia to process, pack, ingest or inhale a controlled substance into the human body. Tex. Health & Safety Code Ann. § 481.125(a) (Vernon 2003). Scales may be classified as "drug paraphernalia." *See Hargrove v. State,* 211 S.W.3d 379, 386 (Tex.App.–San Antonio 2006, pet. ref'd), *cert. denied,* ___ U.S. ___, 128 S.Ct. 134, 169 L.Ed.2d 93 (2007).

7

cause existed for Appellant's arrest.  *See Gomez v. State,* 365 S.W.2d 165, 166 (Tex.Crim.App. 1963) (citing *Hargiss v. State,* 172 Tex.Crim. 531, 360 S.W.2d 881, 882 (1962)).  Accordingly, Appellant's arrest for possession of drug paraphernalia was supported by probable cause and was, therefore, legal.

Finally, Appellant's subsequent statement at the county jail in response to the Trooper Jones's warning that, if any additional contraband was found inside the controlled facility the penalty would be enhanced, came shortly after Appellant had received his *Miranda* warnings and was voluntary.  *See Jones v. State,* 119 S.W.3d 766, 773 (Tex.Crim.App. 2003); *Ex parte Bagley,* 509 S.W.2d 332, 338 (Tex.Crim.App. 1974).  When the accused is advised of his rights, indicates he understands his rights, and thereafter elects to talk with an arresting officer, the accused waives his Fifth Amendment rights.  *Id.* (citing *United States v. Gaytan,* 74 F.3d 545, 555 (5th Cir. 1996), *cert. denied,* 519 U.S. 821, 117 S.Ct. 77, 136 L.Ed.2d 36 (1996)).  Having received his *Miranda* rights at the time of his arrest, Appellant waived those rights when he elected to respond to the trooper's statement after being transported to the county jail.  *See Jones v. Fountain*, 121 F.Supp. 571, 581 (E.D. Tex. 2000).  Accordingly, we overrule both issues.

## Conclusion

_____The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.